**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4619**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MAURICE DEWAR,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:04-cr-00144-H-1)

Submitted:  May 16, 2014              Decided:  May 21, 2014

Before MOTZ and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Dewar appeals the district court's order revoking his supervised release and sentencing him to an eleven-month term of incarceration. On appeal, Dewar argues that the district court imposed a plainly unreasonable sentence because the court should have ordered that he undergo substance abuse treatment rather than imposing a term of incarceration. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, in examining a sentence imposed upon revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). We will affirm a revocation sentence that falls within the statutory maximum, unless we find the sentence to be "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In reviewing a revocation sentence, we first consider "whether the sentence is unreasonable," following the same general principles we apply to our review of original sentences. Id. at 438. Only if we find

a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

A revocation sentence is procedurally reasonable if the district court has considered both the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter Seven of the United States Sentencing Guidelines Manual. Crudup, 461 F.3d at 439. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

We cannot conclude that Dewar's eleven-month revocation sentence is unreasonable, much less plainly so. Our review of the record reveals that the district court provided Dewar several opportunities to participate in substance abuse and mental health treatment but that, despite these opportunities, Dewar was unable to refrain from using marijuana and, later, cocaine. Although Dewar requested that he be placed in a more intensive treatment program, the court was not required to select treatment over incarceration, particularly in light of Dewar's history of failed efforts to achieve sobriety.

3

In any event, the court fully recognized Dewar's drug addiction, recommending that Dewar "be exposed to the most intense drug treatment possible during the term of this incarceration."

Finally, we conclude that the court properly imposed a term of incarceration "to sanction [Dewar] for failing to abide by the conditions of the court-ordered supervision and to punish the inherent breach of trust indicated by [his] behavior." Moulden, 478 F.3d at 655 (internal quotation marks omitted). Thus, the sentence imposed by the district court was not plainly unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED